### 3097. HARRELL *v.* THE STATE.

RUSSELL, J.    No error of law appears, and the verdict is fully supported by the evidence.

*Judgment affirmed.*

DECIDED AUGUST 4, 1911.

Indictment for misdemeanor; from city court of Nashville— Judge Buie. December 2, 1910.

The grounds of the motion for a new trial, in addition to the grounds that the verdict was contrary to law and to the evidence, were as follows:

(1) Because the witness George Gray testified, on direct examination: "Q. What was his condition?  A. His appearance showed that he was drunk.  Q. How did he act?  A. He staggered as he went along."  And on the redirect examination, over defendant's objection, the court allowed the witness to testify: "Q. What do you say as to his being drunk or sober?  A. I could not say, only from his appearance.  I did not see him drink any liquor.  Q. What do you say as to his appearance?  A. From his appearance he was drunk."  The questions and answers were objected to before going to the jury, by defendant, as follows: The witness was examined fully on the direct examination, and the State has no right to reexamine the witness as if on direct examination, but only in rebuttal of the testimony brought out on cross-examination, because the questions are leading. [Note by the court: This was before the witness was excused from the stand, on his original examination or redirect examination.]  The court overruled defendant's objections, and the defendant assigns the ruling as error, because the examination was prejudicial to the interest of the defendant, in that it unduly stressed the testimony of the State, and the ruling was an intimation as to the guilt of the accused.  It violated the rules of evidence and the ethics of good practice, and needlessly incumbered the record with superfluous testimony.

(2)  It was error for the court to exclude from the consideration of the jury the material testimony of Dan Harrell, a witness for defendant, as follows: "Q. How old are you?  A. 17 years."  The purpose of the evidence was to show that the State's "star" witness, John Metts, had given to this minor boy whisky, and the witness was endeavoring to convict the defendant to forestall a prosecution against the witness for the offense of furnishing liquor to a minor.

(3) It was error harmful to defendant for the court to charge as follows: "This is a case of the State against John Harrell, charged with the offense of being intoxicated at a place of divine worship, or being in any manner under the influence of intoxicating liquors, at a place of divine worship while the people were assembled there for divine worship, on the date alleged in the bill of indictment, or special presentment, whatever it is."  The offense charged in the special presentment being: "John Harrell [did] be and appear at the Dan Griffin schoolhouse, in said county, a place

40

of divine worship. He, the said John Harrell, was then and there intoxicated and in a manner under the influence of intoxicating liquors while the people were assembled for the purpose of engaging in divine worship." The error being: (*a*) The charge was much broader than the special presentment, in that it instructed the jury that the defendant was charged either with being "intoxicated" or being "in any manner under the influence of intoxicating liquors." (*b*) The special presentment charged one offense only, to wit: "John Harrell was then and there intoxicated, and in a manner under the influence of intoxicating liquors;" whereas the charge instructed the jury that he was charged with either one of the offenses. (*c*) Because a person may be under the influence of intoxicating liquor not to such extent as to be discernible, and with perfect propriety attend church or the church grounds while the congregation is assembled for divine worship and violate no criminal statute. (*d*) Because no person, under the charge, could use liquor for medicinal purposes and attend church if he were "in any manner under the influence of intoxicating liquor." (*e*) Because it did not state the contention of the State correctly, but much stronger than charged in the special presentment, and authorized the jury to convict the defendant if the influence was "any." (*f*) Because the court should have correctly stated that the defendant was being tried upon an indictment or special presentment.

(4) It was error for the court to charge: "The particular law in this case is: If any person shall be and appear at any church or other place of divine worship intoxicated, or in *any manner* under the influence of intoxicating liquors, while the people are assembled for the purpose of engaging in any religious worship, he shall be guilty of misdemeanor;" the error being: (*a*) The expression "such religious worship" was an opinion of the court that the "Dan Griffin schoolhouse" was per se a place of "religious worship." (*b*) The charge is also open to the error assigned to the charge, in the third ground of the amended motion, from (*a*) to (*f*), inclusive, and especially where the court emphasized this paragraph in his charge by using the expression, "Now, this is the law." (*c*) Because the court used the expression three times in his charge, and every time in different parts and connections of the charge, to wit, "Or in any manner under the influence of intoxicating liquors," as charged by the court, is error. (*d*) Because the charge

of the court is incorrect as an abstract principle of the law applicable to the case on trial.

(5) It was error for the court to neglect to give in charge the principle that, in order for the defendant to be guilty under the special presentment of the offense as therein charged, the jury must believe from the evidence, beyond a reasonable doubt, that the defendant was intoxicated and under the influence of intoxicating liquors, upon the church grounds, as alleged in the special presentment. It was error for the court to refuse to give in charge the written request of the defendant as follows: "Gentlemen of the jury, I charge you that, before you can find the defendant guilty, you must find by the evidence that the defendant was under the influence of intoxicating liquors at the time and place alleged in the special presentment, and while the congregation was assembled for the purpose of divine worship, and it is just as necessary that the State prove the allegation in the presentment that it was intoxicating liquors as it is to prove the defendant was under the influence of such liquors; and the State must prove both allegations beyond a reasonable doubt before you would be authorized to find the defendant guilty." [Note of the judge: The request to charge was handed to me while the charge was being made, and not before the charge began, and the request, while not given literally, was given in substance.]

Second request: "It is alleged in the indictment that the defendant, John Harrell, was intoxicated on spirituous liquors. Now, you must find from the evidence that the defendant was drunk on intoxicating liquors, and nothing else. If it was beer, morphine, or other narcotics that produced the condition of defendant, then you would not be authorized to find the defendant guilty." [Note of the judge: This request was not given, but it was not correct as a whole.] The error being: (a) The charge was so general that it allowed the jury to convict, if they believed the defendant was intoxicated on anything besides liquor. (b) Because there was no proof that he was intoxicated on liquor, and if his condition was as was contended for by the State, it could have been produced by some drug or opiate, and not by liquor. (c) Because nowhere in the charge was the attention of the jury called to the sufficiency of the proof required to authorize the verdict of guilty. (d) Be-

cause there was no evidence on which the jury was authorized to find that the defendant was intoxicated on liquor.

(6) It was one of the contentions of the defendant before the jury that the witness John Metts swore wilfully and knowingly falsely to material facts in the case, and that the court, having undertaken to charge the law of impeachment, failed to instruct the jury that if a witness swore wilfully and knowingly falsely, his testimony ought to be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence. Movant contends that the court charged rules of impeachment not applicable to the evidence and contentions of defendant, and neglected to charge the correct and applicable rule as above stated.

*J. P. Knight, Hendricks & Christian,* for plaintiff in error.

*J. H. Gary, solicitor, J. A. Alexander,* contra.